AGLE, RESPONDENT, *v.* STANDARD DRUG COMPANY, APPELLANT.

(No. 1,696.)

(Submitted October 19, 1903. Decided November 9, 1903.)

*Corporations—Bills and Notes—Evidence—Pleading—Negative Pregnant.*

1. In an action on a note against a corporation, an answer denying the execution of the note, and denying that it received "said sum," referring to the amount of the note in carrying on its business for its use, and denying that defendant, "with its knowledge or consent," paid a sum of interest thereon at any time, was pregnant with an admission that defendant used the money.

2. Where, in an action on a note against a corporation, there was evidence that the person signing the note was defendant's secretary, treasurer and

manager, and that at a certain meeting of the directors they considered the debt of the corporation and the amount claimed by the plaintiff, and at such meeting interest was paid on the note, and the president "thought the money to Mrs. A. should have been paid off before this time," etc., the note was properly admitted in evidence in connection with the other proof, though it was not of itself *prima facie* evidence of the indebtedness of the corporation.

*Appeal from District Court, Deer Lodge County; Welling Napton, Judge.*

ACTION by Mary Jane Agle against the Standard Drug Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

*Mr. H. R. Whitehill,* for Appellant.

The power given to a business manager of a corporation to transact its business, does not authorize him to bind the corporation, as maker of a negotiable promissory note. The note in this case, not being *prima facie* binding on the defendant, should have been excluded. (*Helena Nat'l Bank* v. *R. M. T. Co.,* 20 Mont. 388; *Trent* v. *Sherlock,* 24 Mont. 267; *Spelman* v. *Mining Co.,* 66 Pac. 599; *Oak Grove Cattle Co.* v. *Foster,* 41 Pac. 525; *Bank of Deer Lodge* v. *Hope M. Co.,* 3 Mont. 146.)

The fact that the secretary made out a statement of the debt of the corporation in gross, was not sufficient to give to the stockholders and directors notice that an unauthorized note was included therein, so that by their inaction they should be held to have ratified it, or to be estopped to deny its validity. (*Edwards* v. *Carson Water Co.,* 21 Nevada, 469.)

Ratification can only be made, under Section 3086, Civil Code, in the manner required in order to confer original authority for an act ratified, or where an original authorization would suffice, by accepting or retaining the benefit of the act, without notice thereof. (*Edwards* v. *Carson Water Co.,* 21 Nevada, 469; *Salfield* v. *Sutter Co. L. I. B. Co.,* 94 Cal. 546; *Blood* v. *La Serena L. W. Co.,* 113 Cal. 221.)

No ratification or implied authority to execute the Agle note could be inferred by reason of the use of the McGregor note in

the business of the corporation. (*Baldwin* v. *Burrows,* 47 N. Y. 211; *Adams* v. *Mills,* 60 N. Y. 535.)

*Mr. John W. James,* for Respondent.

If a corporation receives and retains the benefit of a contract entered into by an officer of the corporation, the corporation is bound thereby and the act of so receiving and retaining the fruits of the contract becomes a ratification. (*Main* v. *Casserly,* 7 Pac. 426.)

The note being for a valuable consideration received by the corporation and retained by it, and the transaction having been entered in the minutes of the meeting of the corporation held on the 24th of January, 1899, and it failing at that time to object, and having due notice of the act of its secretary and manager brought to it, and making no offer to restore the consideration, thereby ratified the entire transaction. (*Philips* v. *Sanger Lumber Co.,* 62 Pac. 749; *Durand Organ & Piano Co.* v. *Bowman,* 44 Am. Corp. Cases, 662-667; s. c. 35 Pac. 848.)

After receiving the benefits of the contract, the corporation cannot place the benefit of fruits of others' labor in its treasury and then dodge its responsibility. (*Bradley* v. *Brallard,* 55 Ill. 413; *Pixley* v. *Western P. R. Co.,* 33 Cal. 198; *Foulke* v. *San Diego & G. S. P. R. Co.,* 51 Cal. 365.)

Ratification of the act of the secretary by receiving the money is an indivisible transaction and becomes a ratification of the entire act. (Section 3087, Civil Code; *Main* v. *Casserly et al.,* 7 Pac. 426.)

After so receiving the benefit the corporation is estopped from denying the act of its agent, secretary and manager. (Section 3086, Civil Code; *Grogan* v. *San Francisco,* 18 Cal. 590; *Gribble* v. *Columbus Brewing Co.,* 34 Pac. 527-529; *Main* v. *Casserly et al.,* 7 Pac. 426.)

MR. JUSTICE MILBURN delivered the opinion of the court.

This is an appeal from the judgment for plaintiff. The plaintiff sued defendant to recover the sum of $200 and interest, alleging that on the 19th day of July, 1898, the defendant corporation made and delivered to her its promissory note in words and figures as follows:

"$200.00.    July 19, 1898.    One day after date we promise to pay to the order of Mary Jane Agle two hundred and 00-100 dollars at one per cent. per month.    Value received.    No. 4,376. Due one day.    Standard Drug Co.    A. L. Holly, Sec."

Plaintiff avers that the note is evidence of $200 furnished to the defendant and received and used by it in the carrying on of its business, and that on the 24th day of January, 1899, the defendant corporation, at a meeting of its directors, ratified the act of its secretary in borrowing the said $200 and giving the note therefor.    Plaintiff also alleges that there has not been paid any part of said note, except the sum of $24 interest paid by the defendant on the 19th day of July, 1899.    The defendant denies the execution of the note, and, referring to the $200, denies that it received "the same," or used "said sum" in carrying on its business for its use and benefit; and further denies that on the 24th day of January, 1899, or at any time, the defendant, through its board of directors, authorized any one to make the said sum of money a charge against the corporation, or ratified the acts of its said officer or officers, or caused the sum of $200 to be entered on its books as part of the indebtedness of the corporation; and defendant denies that defendant, "with its knowledge or consent," paid the sum of $24, or any sum, as interest on said note at any time.

The cause came on regularly for trial before the court, sitting with a jury.    After the evidence was all submitted, a motion for nonsuit was made and denied.    Thereupon, as the record shows, "the jury was instructed by the court to find their verdict for the plaintiff," and the jury returned a verdict for the full sum claimed, with interest at one per cent. per month from July 19, 1899.    It does not appear that any objection was made

or exception taken to the order of the court made to the jury to return a verdict for the plaintiff, and appellant does not make any point on appeal as to this order.

The testimony tends to show that said A. L. Holly was the company's secretary-treasurer, and the manager of its business; that there were three stockholders and three directors, F. L. St. Jean, H. B. Allaeys and said Holly; that on the 24th day of January, 1899, there was a meeting of the board of directors held, at which time they considered the question of the indebtedness of the corporation, and, among other things, took into consideration the matter of the $200 now claimed by Mrs. Agle; that, at this meeting of the board of directors, interest was paid on this note, and that the president, Dr. St. Jean, "thought the money to Mrs. Agle should have been paid off before this time"; that the interest was paid by the secretary-treasurer and manager; that the money was received by the company from Mrs. Agle, and used by it; and that the acts of the secretary in borrowing the money and in giving the note were ratified. Defendant, by its pregnant denial *supra,* admits that it used the same.

Objection was made on the hearing to the introduction of the note in evidence, and reliance is placed by appellant upon the case of *Trent* v. *Sherlock,* 24 Mont. 255, 61 Pac. 650, reheard in 26 Mont. 85, 66 Pac. 700. We do not find anything in this case, either upon the first or the second hearing, that supports the contention of the appellant that the court erred in allowing the note to be introduced in evidence, although it was not *prima facie* evidence of the indebtedness of the company. It was a part in the chain of evidence, and, taken in connection with the other matters proven to which we have referred above, was competent, for what it was worth, as tending to support the contention of plaintiff.

It is not necessary to consider the other assignments, which, like the one we have considered, are not tenable.

The judgment of the court is affirmed.

*Affirmed.*